UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

ANTOINETTE HUTCHINSON,

                Plaintiff,

                                          ORDER
    - against -
                                          CV 2001-1198 (ILG)(MDG)

UNITED STATES OF AMERICA, et al.,

                Defendant.

- - - - - - - - - - - - - - - - - - - X

     This is a wrongful death medical malpractice action in which plaintiff claims that the defendants failed to diagnose and treat the ovarian cancer of decedent Freda Lewis. The decedent was treated at the defendant Brownsville Multi-Service Family Center ("BMS clinic") between 1994 and 1997 and at defendant St. Mary's Hospital.

     Because the BMS clinic is a community health care center receiving federal aid, it is eligible for coverage under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), for treatment rendered after October 1, 1996 pursuant to the Federally Supported Health Centers Assistance Act of 1992. 42 U.S.C. §§ 233 et seq. After exhausting administrative remedies under the FTCA, the plaintiff brought this action asserting claims against the United States for malpractice with respect to treatment rendered after October 1, 1996 at the BMS clinic by Sandra Gumbs and Dr. Fannell Alerte. Plaintiff also asserts claims against the BMS clinic, Sandra Gumbs and Dr. Alerte ("BMS defendants") as to treatment rendered before October 1, 1996.

Various defendants have asserted cross claims against other parties in the action.

By letter dated October 19, 2005 ("McHugh Let."), Russell McHugh, counsel for the BMS defendants seeks an extension of time to serve his clients' opposition to plaintiff's motion for summary judgment and to submit an expert report. Ct. doc. 68. Judge Glasser, to whom the letter was addressed, has requested that I address the letter application, since the timing of expert reports is within my general supervisory authority over discovery matters. Plaintiff's counsel objects to any extension of time for the BMS defendants to submit an expert report. Ct. doc. 71.

DISCUSSION

This Court analyzes this dispute under the standards set forth in Wolak v. Spucci, 217 F.3d 157 (2d Cir. 2000), a case in which the Second Circuit reiterated four factors for evaluating a party's request made after the close of discovery to introduce an expert witness at trial. The factors described in Wolak are: (1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party; and (4) the possibility of a continuance. Id. (citing Sofitel, Inc. v. Dragon Medical and Scientific Commc'n, Inc., 118 F.3d 955, 961 (2d Cir. 1997), cert. denied, 523 U.S. 1020 (1998)).

The first factor weighs against extension. The last deadline for expert discovery was April 29, 2005 and the BMS

defendants did timely submit an expert report from Dr. Thomas Caputo.  Mr. McHugh states that his predecessor counsel had agreed with counsel for the United States to share Dr. Caputo as an expert, but contends that he recently learned in discussions that Dr. Caputo can "no longer effectively act as an expert" for the BMS defendants for the periods both before and after October 1, 1996.  McHugh Let. at 2.  Counsel notes that the doctor has also submitted a declaration on behalf of the United States in opposition to plaintiff's motion for summary judgment, presumably only with respect to treatment after October 1, 1996.  Irrespective of whether Dr. Caputo had submitted a "favorable" report in April 28, 2005, <u>id</u>., this Court cannot understand how counsel could not have anticipated a potential conflict on the part of Dr. Caputo.  Since the claims concern a delay in diagnosis, it is not surprising that an expert would view the propriety of treatment before October 1, 1996 differently from treatment after this date.

However, the other <u>Wolak</u> factors weigh in favor of an extension.  The expert testimony clearly is critical to the moving defendants in this malpractice action.  Notwithstanding plaintiff's opposition, the prejudice to plaintiff would be minimal, since the delay is negligible.  Mr. McHugh has already produced a report from Dr. Joel Cohen, his proposed expert.  Should plaintiff wish to depose Dr. Cohen, defendants are directed to arrange for a prompt deposition.  Finally, as briefing on plaintiff's summary judgment motion has yet been

completed nor any trial scheduled, the fourth factor also weighs in favor of an extension.

In sum, after balancing the relevant factors, this Court finds that an extension is warranted.

CONCLUSION

The application by the BMS defendants for leave to serve a new expert report is granted <u>nunc</u> <u>pro</u> <u>tunc</u>.  If they have not yet done so, they must serve expert disclosures in accordance with F.R.Civ.P. 26(a)(2)(B) by November 10, 2005.  The time for the BMS defendants to serve their opposition to plaintiff's motion for summary judgment is extended to November 8, 2005. Plaintiff's reply is due November 22, 2005.  Should plaintiff wish to depose defendants' new expert before submitting a reply, they may do so.  They should confer with the other parties for a prompt date for a deposition and propose a new deadline for submission of their reply.

**SO ORDERED.**

Dated:    Brooklyn, New York
          November 4, 2005

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE